IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MIGUEL ANTONIO DOMINGUEZ IZAGUIRRE,
KENIN ROSALI LEZAMA-HERNANDEZ,
EDMAN SAADY CORTEZ ZELAYA,
ROLANDO ALEXANDER ESCALANTE CARRILLO,
TITO TEMICH SANCHEZ,
JOEL ENRIQUE BAUTISTA-RAMOS,
JAIRO RAMON MUNOZ MARTINEZ,

           Petitioners,

v.                                CIVIL ACTION NO.  2:26-cv-00121

CHRISTOPHER MASON, et al.,

           Respondents.

**ORDER TO SHOW CAUSE**

On February 19, 2026, seven Petitioners filed one Verified Petition for Writ of Habeas Corpus, [ECF No. 1], pursuant to 28 U.S.C. § 2241. Petitioners Miguel Antonio Dominguez Izaguirre (Honduras), Kenin Rosali Lezama-Hernandez (Honduras), Edman Saady Cortez Zelaya (Honduras), Rolando Alexander Escalante Carrillo (El Salvador), Tito Temich Sanchez (Mexico), Joel Enrique Bautista-Ramos (Guatemala), and Jairo Ramon Munoz Martinez (Nicaragua) are all noncitizens living in the United States. [ECF No. 1 ¶¶ 14–20]. Petitioners were all arrested at times between February 12 and February 16, 2026. *Id.* All Petitioners are now currently detained at South Central Regional Jail in Charleston, WV. *Id.* ¶ 8.

Petitioners assert that their continued detention without a hearing or custody determination violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedures Act, the Equal Protection Clause of the Fifth Amendment, and the Suspension Clause. *Id.* ¶ 34–66. Petitioners ask the court to enjoin Respondents from removing

them from the district, order Respondents to immediately release them, and declare that Petitioners' continued detention violates the immigration code and Constitution. *Id.* at 19–20. By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.); *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.).

Accordingly, the Expedited Motion, [ECF No. 2], is **GRANTED**. It is **ORDERED** that this case shall proceed as follows:

(1) Respondents **shall not remove or facilitate the removal** of Petitioners from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **February 24, 2026;**

(3) Petitioners shall file a reply by **February 25, 2026;**

(4) A hearing on the matter shall be scheduled for **March 2, 2026, at 11:00 a.m. in Charleston, WV** in front of this court; and

(5) Counsel for Petitioners shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1], the Motion for a Show Cause Hearing [ECF No. 2], and this Order to Show Cause.

(6) Counsel **SHALL NOTIFY** the court as soon as possible whether the case raises materially distinct factual circumstances or legal arguments from the other cases this court has already considered and whether a hearing is requested or waived.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 20, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE