# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MIGUEL ANTONIO DOMINGUEZ IZAGUIRRE,
KENIN ROSALI LEZAMA-HERNANDEZ,
EDMAN SAADY CORTEZ ZELAYA,
ROLANDO ALEXANDER ESCALANTE CARRILLO,
TITO TEMICH SANCHEZ,
JOEL ENRIQUE BAUTISTA-RAMOS,
JAIRO RAMON MUNOZ MARTINEZ,

            Petitioners,

v.                                    CIVIL ACTION NO. 2:26-cv-00121

CHRISTOPHER MASON, et al.,

            Respondents.

## ORDER TO SEVER

On February 19, 2026, seven Petitioners filed one Verified Petition for Writ of Habeas Corpus, [ECF No. 1], pursuant to 28 U.S.C. § 2241. Petitioners Miguel Antonio Dominguez Izaguirre (Honduras), Kenin Rosali Lezama-Hernandez (Honduras), Edman Saady Cortez Zelaya (Honduras), Rolando Alexander Escalante Carrillo (El Salvador), Tito Temich Sanchez (Mexico), Joel Enrique Bautista-Ramos (Guatemala), and Jairo Ramon Munoz Martinez (Nicaragua) are all noncitizens living in the United States. [ECF No. 1 ¶¶ 14–20]. On February 20, 2026, the court granted the expedited motion, stayed removal of Petitioners, set a response schedule, and scheduled a show cause hearing. [ECF No. 11].

I note the specifics of this Petition: *seven* Petitioners—all noncitizens, living in the United States, allegedly detained contrary to settled law in this district[1]—are sitting in the local jail. And

---

[1] *Aroca v. Mason*, --- F. Supp. 3d ---, 2026 WL 357872, at *7–17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Solano v. Mason*, No. 2:26-cv-00045, --- F. Supp. 3d ---, 2026 WL 311624, *5–19 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Mehari v. Mason*, No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.); *Gonzalez v.*

while the nature of their continued detention may be similar, the circumstances of their stop and arrest; family and community ties; employment records; criminal history; and immigration status may all be different.

Considering the different circumstances of each Petitioner, it is in the interest of justice, clarity, and diligence that these cases be separated from each other. Accordingly, the court **ORDERS** that this case be **SEVERED**.[2] Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Because the Petitioners all assert the same claims against the same Respondents and because the Petition contains sufficient factual information for each individual Petitioner, the Verified Petition, [ECF No. 1], shall serve as the Petition for Writ of Habeas Corpus in each case.

The Clerk is **DIRECTED** to docket the Verified Petition, [ECF No. 1], in six new cases for each of the named Petitioners (excluding the first named Petitioner Miguel Antonio Dominguez Izaguirre who will be the sole petitioner in this case, 2:26-cv-121). The Clerk is further **DIRECTED** to docket the Expedited Motion, [ECF No. 2], and this Order in every newly opened case. This Order shall be in effect in every case.

---

*Aldridge*, No. 3:26-cv-00055, 2026 WL 313476, at *2–6 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Uulu v. Aldridge*, No. 3:26-cv-00073, 2026 WL 401200, at *2–5 (S.D. W. Va. Feb. 12, 2026) (Chambers, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *2–8 (S.D. W. Va. Feb. 11, 2026) (Berger, J.); *Abdugafforov v. Mason*, No. 2:26-cv-00092, 2026 WL 474000, at *2–4 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.); *Uulu v. Mason,* No. 2:26-cv-00074, 2026 WL 475127, at *2–4 (S.D. W. Va. Feb. 19, 2026) (Goodwin, J.).

[2] *Mayo v. Walker*, No. 1:22-cv-5810 (LTS), 2022 WL 3030475, at *2–3 (S.D.N.Y. July 29, 2022) (severing an 11-petitioner habeas corpus petition into eleven separate cases because of the "realities of managing this litigation while the 11 petitioners are incarcerated" for one of four given reasons). *But see Pablo Sequen v. Kaiser*, --- F. Supp. 3d ---, 2025 WL 3275602, at *4 (N.D. Cal. Nov. 24, 2025) (noting that while there is no "specific statute or rule establishing a per se prohibition on joinder of multiple habeas petitions in one action" California district courts have "differing views on the propriety of joinder in habeas cases.").

In light of this severance, the court will slightly amend the timeline in this case. It is **ORDERED** that this case shall proceed as follows:

(1) Respondents **shall not remove or facilitate the removal** of Petitioner from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **February 25, 2026;**

(3) Petitioner shall file a reply by **February 26, 2026;**

(4) Counsel **SHALL NOTIFY** the court as soon as possible whether the case raises materially distinct factual circumstances or legal arguments from the other cases this court has already considered and whether a hearing is requested or waived. Depending on the parties' representations to the court, a hearing will be scheduled.

(5) The hearing previously scheduled for Monday, March 2, 2026, at 11:00 a.m. in the case 2:26-cv-121 is **CANCELED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER:   February 24, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE